UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jack CABADA, <br><br> Petitioner, <br><br> v. <br><br> DONOVAN STATE PRISON, <br><br> Respondent. | Case No.: 24-cv-2311-AGS-DDL <br><br> **ORDER DISMISSING HABEAS PETITION (ECF 1)** |

State inmate Jack Cabada, proceeding without an attorney, seeks a writ of habeas corpus. But he has not paid his filing fee and did not move to be excused from paying. He also failed to name a proper respondent, and his habeas claim is not cognizable. Consequently, his petition is dismissed with leave to amend.

As a threshold matter, Cabada has neither paid the required $5.00 filing fee nor moved to proceed in forma pauperis, that is, without having to pay the fee. He must do one of the two. *See* R.3(a), Rules Governing Section 2254 Cases (2019).

Further, Cabada did not name a proper respondent. In federal habeas cases, a state prisoner must "name the state officer having custody of him as the respondent." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting 28 U.S.C. § 2254). "Typically, this person is the warden of the facility in which the petitioner is incarcerated." *Id.* It may also be "the chief officer in charge of state penal institutions." *Id.* Yet Cabada named only "Donovan State Prison," an improper respondent. (*See* ECF 1, at 1.) This shortfall "destroys personal jurisdiction"—which this Court needs to rule on the petition. *See Ortiz-Sandoval*, 81 F.3d at 894.

Moreover, proper habeas claims are those that challenge "the very fact or duration of the [petitioner's] confinement" or circumstances "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Here, Cabada states only that "[t]he air condition[]ing and heater. Needs to be fix. We been having trouble all year long." (ECF 1, at 3.) Alleging

"trouble" with prison temperature controls does not appear to be a challenge to the "fact or duration" of Cabada's confinement or to any "additional and unconstitutional restraint." (*See id.*); *Preiser*, 411 U.S. at 499. This is therefore not a cognizable habeas claim.

In some instances, however, courts may "construe a petition for habeas corpus to plead a cause of action under § 1983"—which is generally the proper course for "challenge[s] to the conditions of" "prison life." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016); *Preiser*, 411 U.S. at 499. But courts may only do so when petitioners "name[] the correct defendants," and this requires naming the party "whose acts or omissions are alleged to have caused a constitutional deprivation." *Nettles*, 830 F.3d at 936; *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Cabada has not named any individuals responsible for ventilation control. Because he has not named the "correct defendants," this Court cannot construe his habeas petition as a section 1983 claim. *See id.*

But even if Cabada had named a proper defendant, "[i]nadequate ventilation and air flow" only "violates the Eighth Amendment if it undermines the health of inmates and the sanitation of the penitentiary." *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996). Cabada has provided no suggestion that the alleged prison ventilation "trouble" rises to that level.

The petition is therefore **DISMISSED** with leave to amend. Courts "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up). It is not "absolutely clear" that the complaint's deficiencies are beyond repair. *See id.* So, by January 28, 2025, Cabada may amend his complaint to correct the deficiencies identified in this order. Otherwise, the Court may dismiss this case. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

Dated: December 30, 2024

Andrew G. Schopler
United States District Judge